COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-307-CR

RAED SAIF APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Raed Saif of theft of stolen property, and the trial court sentenced him to 360 days’ confinement in county jail, probated for 360 days.  The court also assessed a fine of $500 that was not probated.  Appellant brings three points on appeal, challenging the legal sufficiency of the evidence and the jury charge.  Because we hold that the evidence is legally sufficient to support the jury’s verdict and that the trial court did not err in charging the jury on the law of parties, we affirm the trial court’s judgment. Officer Jesus Banda drove Joselyn Douglas, an undercover customs informant with the United States Customs Service and the Fort Worth Police Department, to a Fina store.  Her instructions were to sell thirty-six boxes of Accu-Chek glucose testing strips (used by diabetics) to someone inside the store and to represent to that person that the strips were stolen.  Inside the store, Douglas spoke with Raul Abdul Douglas, who was not related to her, and offered to sell him stolen testing strips.  Raul Abdul Douglas told Joselyn that he had no money, but, according to Joselyn, “called this dude that was gonna bring the rest of the money.”  He made the phone call, but Joselyn could not understand what he said during the telephone conversation because he spoke in a foreign language.  Shortly after the call, Joselyn left the store and returned to the truck that she had arrived in, where Banda was waiting.  After waiting two or three hours, Joselyn saw Appellant drive up and enter the store.  Joselyn followed him inside the store.  She told Appellant about the strips and discussed payment, but she did not represent to him that the strips were stolen.  Appellant and Joselyn negotiated the price of the strips, and he gave her $472.  She left the store with the money and left the strips with Appellant.  She noted that because two of the boxes were damaged, Appellant either did not pay for those boxes or paid a reduced price.  A customs agent testified that the average retail price of the thirty-six boxes of strips was $2736.

Appellant argues that the evidence is legally insufficient to support his conviction because the jury was instructed that he could be convicted only as a party, while the evidence shows that if he was guilty, he was guilty only as the primary actor.  He also points out that, because he was the primary actor, the law required that representations that the property was stolen be made to him, not to Raul Abdul Douglas.

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or both.
(footnote: 2)  A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.
(footnote: 3)  The law of parties need not be pled in the indictment.
(footnote: 4)
 In determining whether a defendant is a party, the trial court may look to events before, during, and after the commission of the crime.
(footnote: 5)  The reviewing court may rely on acts by the defendant showing an understanding and common design.
(footnote: 6)  The court may also rely on circumstantial evidence.
(footnote: 7) The record reflects that Joselyn was not dressed as a pharmaceutical sales representative, nor did she act like one.  She was carrying the diabetic test strips in a trash bag and offered to sell them out of the trash bag.  She informed Raul Abdul Douglas that she had stolen the strips, and he immediately made a telephone call in which he told someone to bring the money.  When Appellant arrived, he negotiated the sale with Joselyn, paid her in cash, and did not ask for a receipt.  He paid her $472 for $2736 worth of property.  Applying the proper standard of review,
(footnote: 8) we hold that the evidence is legally sufficient to support the jury’s verdict that Appellant is guilty as a party.  We overrule Appellant’s first point.

In his second and third points, Appellant argues that the trial court erred in charging the jury on the law of parties because the charge was not supported by the evidence and because the trial court improperly applied the law of parties to the facts in this case.

The trial court instructed the jury,

[I]f you believe from the evidence beyond a reasonable doubt that on or about the 27th
 day of February, 2003, in Tarrant County, Texas that Abdul Douglas did then and there unlawfully appropriate property, by acquiring or otherwise exercising control over property, to wit:  thirty-six boxes of Accucheck Glucose Testing Strips, of the value of $1,500 or more but less than $20,000 from Joselyn Douglas, an undercover operative acting as a law enforcement agent of the Fort Worth Police Department, which was the owner of the property by virtue of the agency’s custody of the property, and the said Joselyn Douglas explicitly represented to said Abdul Douglas that said property was stolen, and said Abdul Douglas appropriated said property believing it was stolen by another and said appropriation was with intent to deprive said owner of said property, and acting with the intent to promote or assist the commission of the theft, the defendant, Raed Saif, solicited, encouraged, directed, aided, or attempted to aid Abdul Douglas to commit the offense of theft, then you will find the defendant guilty of the offense of theft of thirty-six boxes of Accucheck Glucose Testing Strips as charged in the indictment.

Appellant asked the trial court to instruct the jury that to find Appellant guilty, they had to find that he was explicitly informed that the property was stolen.  The law is well established that the State is required to show that Appellant acted with intent to assist in the commission of the offense of theft of stolen property, but the State is not required to show that he committed every element of the offense himself.
(footnote: 9)  Consequently, the trial court properly refused to instruct the jury contrary to the law.

It is undisputed that the explicit representation was made to Raul Abdul Douglas.  The evidence, as detailed above, is sufficient to support the charge. We therefore hold that the trial court properly charged the jury on the law of parties and properly applied the law to the facts of this case.  We overrule Appellant’s second and third points.

Having overruled Appellant’s three points, we affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  October 5, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. Penal Code Ann.
 § 7.01(a) (Vernon 2003).

3:
Id
. § 2.02(a)(2).

4:
Frank v. State
, 183 S.W.3d 63, 73 (Tex. App.—Fort Worth 2005, pet. ref’d).

5:
Goff v. State
, 931 S.W.2d 537, 545 (Tex. Crim. App. 1996), 
cert. denied
, 520 U.S. 1171 (1997).

6:
Ransom v. State
, 920 S.W.2d 288, 302 (Tex. Crim. App.) (op. on reh’g),
 cert. denied
, 519 U.S. 1030 (1996).

7:
Id
.

8:
See
 
Jackson v. Virginia
,
 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); 
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

9:
Tex. Penal Code Ann.
 § 7.02(a)(2) (Vernon 2003); 
Frank
, 183 S.W.3d at 72.